the mortgaged premises accrued subsequently to the said mortgage, is without foundation.   The filing of the notice of the pendency of the action did not create Silberman's claim to, or interest in, the mortgaged premises.   If any such claim or interest exists, it arose under deeds executed long prior to the mortgage.   The fact that the violation of Silberman's right in the premises, and the commencement of the action to restrain such violation, and the filing of a notice of the pendency of such action, all occurred subsequently to the mortgage did not make the right itself either subject or subordinate to the mortgage.   As well might one claim, if A. executed a mortgage upon premises which really belonged to B., and B. subsequently commenced an action of ejectment against A. and filed a notice of pendency thereof, that B. was a proper party defendant to an action to foreclose said mortgage because of filing such lis pendens. It may be that the defendant Silberman has not any right or easement, at all in the mortgaged premises.   Because such right or easement, if it does exist, is paramount to that of the plaintiff by reason of his mortgage, I cannot determine that question in this action.

There must be judgment for the plaintiff for the foreclosure of his mortgage in the usual form as to all the defendants except the defendant Silberman.   As to him the complaint is dismissed, with costs.

Judgment accordingly.

<hr>

(47 Misc. Rep. 26.)

### TEFFT v. GREENWICH & J. RY. CO.

(Supreme Court, Special Term, Saratoga County.   April, 1905.)

MOTIONS—PLACE OF APPLICATION.

    A motion for judgment in an equity action to reform a deed constitutes a part of the trial, and the provisions of the Code requiring that actions relating to realty be tried in the county of the venue apply to all parts of the trial, and such motion cannot be made, except at a term of court in the county of the venue.

    [Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Motions, § 6.]

Action by Nathan B. Tefft against the Greenwich & Johnsonville Railway Company.   Motion by plaintiff for judgment on a verdict answering certain questions submitted.   Motion denied.

Ostrander & Salisbury, for the motion.

Patterson, Bulkeley & Van Kirk (Robert O. Bascom, of counsel), opposed.

SPENCER, J.   This is an action in equity brought in the county of Washington to reform a certain deed executed by the plaintiff to the defendant for a conveyance of real property.   On the 2d day of March, 1904, the court at Special Term, on the application of the plaintiff, made an order that certain specific questions of fact be submitted to the jury for their determination.   The issues raised thereby were brought on for a trial at a Trial Term in the county of Washington, and a verdict rendered by the jury answering each

of the questions submitted to them for decision. There was no general verdict. On the coming in of the verdict no motion was made by either party for judgment. The plaintiff now moves, at a Special Term of this court held in Saratoga county, for judgment, and asks that the court frame its decision upon the issues, and for such other and further relief as may be proper.

The defendant interposes the objection that the trial has not been concluded and that the court may proceed only in the county of the venue. I think the contention of the defendant must prevail. The action was in equity and triable by the court without a jury. The verdict of the jury upon the questions submitted to them was simply an incident in the trial, and the trial was not terminated upon the rendering of the verdict.· The trial may not be regarded as concluded until the justice presiding has made his findings of fact and conclusions of law. If the findings of the jury and the facts submitted by the pleadings cover the entire case, a motion for judgment thereon would be proper; but such a motion constitutes a part of the trial of the action, and may not be made except at a term of the court in the county of the venue.

It is not necessary on this motion to determine whether further issues remain to be tried, inasmuch as this motion is not at a term of the court in the county where the venue is laid. The provisions of the Code, which require that actions of this character be tried in the county of the venue, apply to all parts of the trial. This motion constitutes, in my opinion a part of the trial. The motion, therefore, is denied, with costs.

Motion denied, with costs.